United States District Court / For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

        v.

ZUBERI STEEL,

    Defendant.
_____/

No. CR 11-0149 PJH

**ORDER RE MOTION TO SUPPRESS**

Defendant Zuberi Steel ("Steel"), who is charged with one count of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1), moved to suppress a weapon recovered and statements made following his February 18, 2011 stop and subsequent arrest under the Fourth and Fifth Amendments. After a June 8, 2011 hearing on the motion, the court ruled on several aspects of defendant's motion on the record, and deferred ruling on one issue pending an evidentiary hearing. For the reasons set forth on the record at the June 8, 2011 hearing, the court ruled that:

    (1) Officer Sanchez's follow-up inquiry to defendant's spontaneous, voluntary
    statement at the scene regarding the existence of an object on his right side
    did not constitute an interrogation in violation of defendant's Fifth Amendment
    rights;

    (2) any issue regarding defendant's signed, written statement as provided to
    Officers Sanchez and Barocio at the jailhouse concerns the weight and
    admissibility of the evidence and is not a basis for suppressing the evidence
    given that defendant does not challenge his waiver under *Miranda v. Arizona*,

1     384 U.S. 486 (1966); and

2     (3) the ATF officers who interrogated defendant only one and one-half hours

3     following Officer Sanchez's and Barocio's *Miranda* admonishment were not

4     required to re-*Mirandize* defendant.

With regard to defendant's challenge to his detention at the scene, the court agreed with defendant that there was no probable cause for an arrest. The government argued, however, that there was reasonable suspicion sufficient to support a stop and detention pursuant to *Terry v. Ohio*, 392 U.S. 1, 30-31 (1968) and that the handcuffing did not necessarily turn the detention into an arrest. The court determined that an evidentiary hearing was warranted regarding whether reasonable suspicion existed to support a handcuffed stop of defendant at the scene, and specifically whether Officer Sanchez "reasonably believe[d such] force was necessary to protect his own safety or the safety of the public." *Alexander v. County of Los Angeles*, 64 F.3d 1315, 1320 (9th Cir. 1995); *see also United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000) (evidentiary hearing on a motion to suppress warranted where "the moving papers allege[] facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist").

At the July 15, 2011 evidentiary hearing, both Oakland police officers involved in Steel's stop and subsequent arrest, Officers Barocia and Sanchez, testified. In addition to the two police officers, Steel called a witness to his arrest, Sir Henry Anderson.

At the conclusion of the hearing, the court denied Steel's motion on the remaining issue, ruling that reasonable suspicion existed for Officer Sanchez's handcuffed *Terry* stop of Steel. The court found that the officers' suspicion that Steel and others near the scene were gambling in public - even if only a misdemeanor - justified the officers' stop of their patrol vehicle, and their attempts to investigate the gambling. The court noted that what commenced as a routine investigatory stop by the officers evolved into something more when Steel walked away, refused to comply with Officer Sanchez's demand that he stop and put his hands behind his back, and made a furtive gesture adjusting something at his

waistband.

The court found, based on the testimony at the hearing, that the critical factor giving rise to reasonable suspicion was the fact that Officer Sanchez feared for his own safety at the time of the stop after observing Steel make a furtive movement to secure with his arm or elbow what appeared to be a heavy concealed object on his right side, which Officer Sanchez testified he believed might have been a weapon. The court found credible Officer Sanchez's testimony regarding this belief, notwithstanding his generic description in the police report that he believed Steel was attempting to secure only "a heavy object." In addition to Officer Sanchez's fear for his safety, the court noted that additional factors supported the presence of reasonable suspicion, including the recent citizen complaints of drug dealing in the area, the fact that it was a known high crime area, the officers' prior recent experiences of the arrest of a suspect nearby with a concealed weapon in his waistband, along with Steel's failure to stop and to put his hands behind his back upon Officer Sanchez's command that he do so. *See United States v. Bautista*, 684 F.2d 1286, 1288-89 (9th Cir. 1982) (handcuffing a subject does not automatically turn a lawful investigative stop into a *de facto* arrest).

Accordingly, for the reasons set forth on the record at the June 8, 2011 hearing and the subsequent July 15, 2011 evidentiary hearing, as memorialized in this order, Steel's motion to suppress is DENIED. The trial of this matter based, in part, on stipulated facts will forward as scheduled on October 5, 2011, at 3:00 p.m.

**IT IS SO ORDERED.**

Dated: September 6, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge

3